**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

MARY B. LITTLE, AS NEXT FRIEND OF
ROBERT JENNING, JR., A MINOR                                                PLAINTIFF

VS.                                                       CIVIL ACTION NO. 4:07CV103-HTW-LRA

EVENFLO COMPANY, INC., and
FORD MOTOR COMPANY                                                       DEFENDANTS

<u>**ORDER GRANTING REMAND**</u>

Before this court is a motion for remand [docket # 8] submitted by plaintiff Mary B. Little on her own behalf as well as next friend of Robert Jenning, Jr., a minor. Plaintiff filed this lawsuit in the Circuit Court of Noxubee County, Mississippi, and now pursuant to Title 28 U.S.C. § 1447(c)[1] asks this court to return the lawsuit there because, says plaintiff, this court does not have subject matter jurisdiction over this dispute under diversity of citizenship jurisdiction, Title 28 U.S.C. § 1332.[2] Originally plaintiff filed this lawsuit against defendant Evenflo Company, Inc. ("Evenflo") and Ford Motor Company ("Ford Motor"). The presented question when plaintiff filed this motion to remand was whether this court had subject matter jurisdiction where plaintiff Mary B. Little in her own capacity had submitted a claim against Ford Motor and where Mary B.

---

[1]Title 28 U.S.C.§ 1447(c) provides in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[2]Title 28 U.S.C. § 1332 provides in pertinent part:

  (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

      (1)  citizens of different States;  ...

Little, as next friend of Robert G. Jenning, Jr., a minor, was alleging a claim against Evenflo.

Initially, the parties provided written arguments to the court dealing with consolidation of damages and claims and whether this lawsuit should be construed as one lawsuit or two. Later, this court heard oral arguments on the issues from the parties.

Thereafter, the parties agreed to dismiss Ford Motor from this lawsuit. Since Mary B. Little in her own capacity had a claim against only Ford Motor and no claim against Evenflo, subsequent to Ford Motor's dismissal, Mary B. Little's interest in this motion to remand pertains only to her representative capacity for Robert Jenning, Jr., a minor, against Evenflo.

The key question here is whether defendant Evenflo's removal of this lawsuit from state court to this federal forum was proper under § 1332, diversity of citizenship. The parties are diverse in citizenship, but the question is whether the lawsuit between Mary B. Little, as next friend of Robert Jenning, Jr., a minor, against Evenflo satisfies the requisite minimum amount required by § 1332 for this court to exercise subject matter jurisdiction, that amount being $75,000.00, exclusive of costs and interest. Seeking to justify its removal, Evenflo contends that the requisite amount is present. This court, however, disagrees and, for the reasons which follow, is persuaded to grant plaintiff's motion for remand.

## Background

On or about June 16, 2006, Mary B. Little and Robert Jenning, Jr., a minor, were involved in a single car automobile accident near the Town of Shuqualak, Mississippi,

when their vehicle, a Ford F-150 pickup truck, ran off the side of the road and struck an embankment.  Allegedly, Mary B. Little personally suffered a permanent facial injury which required medical treatment.  The minor, Robert Jenning, Jr., allegedly suffered a fractured femur in the crash.

On July 17, 2007, plaintiff filed her First Amended Complaint in the Circuit Court of Noxubee County, Mississippi.  She named as parties Evenflo and Ford Motor.  Little accused Ford Motor of having provided a defective air bag and, as the representative of Robert Jenning, Jr., contended that Evenflo had designed, manufactured and distributed a defective infant car seat.  Evenflo is in the business of manufacturing and selling infant restraint seats of various types, including an infant restraint seat known as the "Discovery" model, which allegedly is the infant car seat in question here.  Although Little's damage clause is open as to the amount sought against Ford Motor, her complaint on behalf of the minor seeks an amount of compensatory and punitive damages which does not exceed $75,000.00, exclusive of interest and costs.

On August 15, 2007, defendants removed the case to this court, arguing that this court has subject matter jurisdiction over this controversy under Title 28 U.S.C. § 1332, diversity of citizenship. Plaintiff filed the subject motion to remand on September 14, 2007, contending that the required amount in controversy was not present.

On February 22, 2008, this court held a hearing on the matter.  At this hearing, the court denied plaintiff's request to remand her individual dispute with defendant Ford Motor.  The court, however, took her representative suit against Evenflo under consideration.

Since that time, Ford Motor has been terminated from this case.  The court now

is tasked to determine whether plaintiff Little's claim against defendant Evenflo should be remanded to the Circuit Court of Noxubee County, Mississippi, or remain here, in the United States District Court for the Southern District of Mississippi.

## Legal Standard

In general, defendants may remove a civil action from state court to a federal court if the federal court would have had original jurisdiction. *See* Title 28 U.S.C. § 1441(a).[3] In this particular case, defendant Evenflo relies upon diversity of citizenship as its basis for removal. Bare assertions by the removing party, of course, are insufficient to invest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombis, S.A.*, 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). A removing defendant must prove by a preponderance of the evidence that diversity of citizenship jurisdiction lies, here more specifically that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Such proof may be provided by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000.00, exclusive of costs and interest; or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

---

[3]Title 28 U.S.C. § 1441(a) provides in pertinent part: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

**Analysis**

No one disputes that the first prong for diversity jurisdiction has been met. The plaintiff and defendant Evenflo are residents of different states. Plaintiff Little and Jenning are resident citizens of Kemper County, Mississippi. Defendant Evenflo is incorporated in the State of Delaware.

We turn, then, to the second prong required by § 1332 – that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Plaintiff's complaint on behalf of the minor specifically states that plaintiff is seeking compensatory damages for medical expenses; pain and suffering; mental anguish and disfigurement in an amount less than $75,000.00. (Complaint ¶ 34). Plaintiff estimates that Jenning's medical treatment and expenses are approximately $9,000.00 (Complaint ¶ 11). Plaintiff further seeks punitive damages from Evenflo, but qualifies her demand by averring that "[a]ll damages sought, compensatory and punitive, do not exceed $75,000.00." (Complaint ¶ 34). Plaintiff also seeks "her costs, interest (pre and post judgment), attorney fees and litigation expenses." *Id.*

Defendant Evenflo maintains that it has an independent basis for removal, notwithstanding the plaintiff's settlement with Ford. Defendant contends that removal was appropriate because the plaintiff alleges that a claim for attorney fees, plus compensatory and punitive damages places the amount in controversy above the $75,000.00 jurisdictional limit.

Defendant relies upon the Fifth Circuit's ruling in *H & D Tire and Automotive-Hardware, Inc. v. Pitney*, 227 F.3d 326, 330 (5th Cir. 2000); and *Wince v. Wal-Mart*

5

*Stores, Inc.*, 373 F.Supp.2d 670 (S.D. Miss. 2005), for the proposition that attorney fees must be considered in establishing the threshold amount in controversy.  This court concurs with that assessment, but the analysis, in this case, must not stop there, and unlike in *Wince*, the plaintiff here has indicated her intent to settle the minor's claim for $65,000.00 (docket # 8-2 Ex. A).  Although defendant Evenflo has not accepted this demand, defendant has counter-offered sums in the range of $25,000.00 to $30,000.00 (docket # 8-2 Ex. A).  The defendant has submitted no medical records and no other information from which this court could conclude that medical expenses, treatment, and attorney fees would exceed the sum of $75,000.00.

## **Conclusion**

Having considered the evidence before the court, this court is not persuaded that defendant Evenflo has met its burden of showing that the requisite jurisdictional amount is present.  The face of the complaint clearly states that plaintiff is not seeking an award of damages in excess of $75,000.00.  Further, defendant Evenflo has not provided the court with any summary-type evidence that would support a finding of jurisdiction.  Defendant who had the burden of proof simply did not meet that burden.  Therefore, this court hereby grants plaintiff's motion to remand, and this lawsuit shall be returned to the Circuit Court of Noxubee County, Mississippi.

**SO ORDERED**, this the 25th day of July, 2008.

                                            **s/ HENRY T. WINGATE**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 4:07-cv-103 HTW-LRA
Order Granting Remand